IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PROTESTERS IN SUPPORT OF BLACK LIVES *et al.*, ) ) | |
| ) | No. 20–CV–0685 |
| Plaintiffs, ) | |
| ) | |
| ) | The Charles R. Norgle |
| CITY OF CHICAGO *et al* ) | Magistrate Jeffrey T. Gilbert ,., |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' UNOPPOSED MOTION TO FOR LEAVE FILE A SECOND AMENDED COMPLAINT**

In accordance with this Court's August 10, 2021 order, Plaintiffs respectfully move this Court for leave to file a Second Amended Complaint. Defendants have authorized Plaintiffs to represent to the Court that they do not oppose this motion. In further support of this motion, Plaintiffs state as follows:

1. Plaintiffs filed their Complaint on November 19, 2020 (Doc. No. 1) and filed their First Amended Complaint on January 27, 2021 (Doc. No. 10). Plaintiffs' First Amended Complaint alleges that individual Chicago Police Department (CPD) officers and the City of Chicago violated the constitutional and statutory rights of people who, during the summer of 2020, protested police violence and racism in the streets of Chicago. The First Amended Complaint includes detailed *Monell* allegations.

2. Since Plaintiffs filed their First Amended Complaint, the City of Chicago has issued two reports related to Plaintiffs' *Monell* claims. The first, *After Action Report: The Chicago Police Department's Response to Civil Unrest Between May 29, 2020 and June 12, 2020*, https://home.chicagopolice.org/wp-content/uploads/2021/02/AAR_FINAL_2-4-21.pdf (last visited September 9, 2021), was published by the Chicago Police Department in February 2021 and describes CPD's after action review of the Departments' response to protest activity. The second

is a 137-page report issued by the Office of the Inspector General for the City of Chicago (OIG). The OIG report provides an "in-depth review of the period of May 29 through June 7. . . (and) aims to present to the extent possible based on the information and material available, a comprehensive account of the facts, including how involved parties, members of the public, CPD's rank and file and CPD's command staff, among others experienced the protests and unrest." OIG Report on Chicago's Response to George Floyd Protests and Unrest, p. 6., https://igchicago.org/wp-content/uploads/2021/02/OIG-Report-on-Chicagos-Response-to-George-Floyd-Protests-and-Unrest.pdf (last visited September 9, 2021). Additionally, the Independent Monitoring Team (IMT) responsible for overseeing the Chicago Police Department's compliance with a federal consent decree that contains provisions relating to *inter alia* use of force, impartial policing, and officer accountability, released its own 464-page report of CPD and the City of Chicago's protest response. *See State of Illinois v. City of Chicago*, 17cv 6260, Doc. 964.

3. These protest-related reports are highly relevant to Plaintiffs' *Monell* claims. The CPD Report contains admissions regarding poor planning, accountability, and CPD officers' systematic efforts to conceal their identities during the protests. The OIG and IMT reports both include findings related to how CPD officers violated CPD policy while using force during the protests, including unauthorized use of baton strikes and O.C. spray. Additionally, the OIG and IMT reports documented numerous instances of CPD officers demonstrating animus towards protesters including officer use of slurs and other derogatory language. These reports also made conclusions about the CPD failures related to officer accountability, supervision and preparation.

4. Plaintiffs' Second Amended Complaint (attached as Exhibit 1) contains additional allegations relating to these three reports.

5. Leave to amend a complaint should be given "when justice so requires," Fed. R. Civ. P. 15(a), and such leave is generally granted. *Toth v. USX Corp.*, 883 F.2d. 1297, 1298 (7th Cir.

1989) (the nature of the complaint "merely serves to put the defendant on notice," thus complaints should "be freely amended or constructively amended as the case develops"); *see also Ash v. Wallenmeyer*, 879 F.2d 272, 274 (7th Cir. 1989); *Walton v. Jennings Community Hosp.*, 875 F.2d 1317, 1320-21 n.3 (7th Cir. 1989).

6. In deciding whether to permit a party to amend her complaint, the Court should consider any delay to the proceedings or prejudice the non-moving party would suffer as a result of the amendment. *Webb v. Chester*, 813 F.2d 824, 835 (7th Cir. 1987) (the District Court did not abuse its discretion when it granted the plaintiff leave to amend her complaint over two years after the lawsuit was initiated and only days before the trial was to begin); *Knapp v. Whitaker*, 757 F.2d 827, 849 (7th Cir. 1985).

7. Granting Plaintiffs leave to amend their complaint will not cause any undue delay to these proceedings, nor cause undue prejudice to these Defendants. Further, Defendants do not object to Plaintiff filing their Second Amended Complaint.

WHEREFORE, Plaintiff respectfully requests that this Court grant them leave to file their Second Amended Complaint.

Respectfully Submitted:

s/Sheila A. Bedi_____
Sheila A. Bedi
Community Justice Civil Rights Clinic
Northwestern Pritzker School of Law
375 East Chicago Avenue
Chicago, IL 60611
(312) 503-2492
sheila.bedi@law.northwestern.edu