**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| TIMOTHY WILGER, *et al.*, | ) |
|       Plaintiffs, | ) No. 20-cv-0685 |
| vs. | ) Hon. Charles R. Norgle |
| | ) Mag. Judge Jeffrey T. Gilbert |
| CITY OF CHICAGO, *et. al.* | ) |
|       Defendants. | ) |

**JOINT MOTION TO SEVER PURSUANT TO RULE 20(a)
CERTAIN ALLEGATIONS AND PLAINTIFFS
IN PLAINTIFFS' FOURTH AMENDED COMPLAINT**

NOW COME All Plaintiffs, Defendant City of Chicago ("City"), Superintendent Brown, and the Individual Defendant Officers ("Defendant Officers"), by their undersigned attorneys, and pursuant to Rule 20(a), for their Joint Motion to Sever Certain Allegations and Plaintiffs' Fourth Amended Complaint, state as follows:

**BACKGROUND**

Plaintiffs commenced this action on November 19, 2020 and the matter was assigned to this Court. Dkt. 1. They have since amended that Complaint four times, the most recent of which was filed on July 15, 2022. Dkt. 1, 10, 88, 110, and 118. Each amendment asserts nearly identical claims and the differences are limited almost exclusively to the naming of new parties, primarily identifying new Defendant officers. *See*, *id.* The most current amendment now names 66 Plaintiffs, and 62 named individual Defendant Chicago police officers (in addition to over 100 unnamed[1]), asserting claims related to events that occurred at different protests and six different days throughout the summer of 2020. *See* Dkt. 118.

---
[1] Defendant Officers do not include unidentified officers nor unnamed officers identified in pictures (e.g., officers in exhibits A-G) as they are not "named Defendants."

1

In between Plaintiffs' amendments, Defendants began filing procedural motions for separate relief including Defendant Officers' motion to sever Plaintiffs' claims asserted in a prior iteration of the Complaint. Dkt. 65. Plaintiffs filed a response in opposition to Defendants' motion to sever (Dkt. 76) and before Defendant Officers filed their reply, Plaintiffs filed their Third Amended Complaint, making the pending motion to sever moot. Dkt. 75; Dkt. 110; Dkt. 112. Defendant Officers then did not move to sever the Third Amended Complaint, as Plaintiffs indicated they intended to amend again, which they eventually did with the Fourth Amended Complaint. Dkt. 118.

Plaintiffs' newest complaint, filed on July 15, 2022 concerns events which span six specific days in three months, at different times, different places, and during different protests. Dkt. 118. As Plaintiffs have not indicated any intention to again amend their Complaint, and the last statute of limitations period has expired, Defendant Officers represented their intention to again move to sever the allegations in Plaintiffs' Complaint as improperly joined. Dkt. 119; Dkt. 124.

In an attempt to resolve the issue of severance without motion practice, all counsel met and conferred on August 17, 2022 to discuss Defendant Officers' proposed severance. Prior to the meeting, Defendant Officers provided all counsel with a proposal so the parties could have a productive conversation. Through discussion the parties have reached an agreement, as outlined below, and move to have the original case, 20 cv 0685, severed into separate lawsuits and assigned new numbers pursuant to Rule 21.

## **ARGUMENT**

It is first well understood that "[t]he decision of whether to sever a case 'lies within the trial court's sound discretion….'" *McDowell v. Morgan Stanley & Co.*, 645 F. Supp. 2d 690, 694 (N.D. Ill. 2009) (citing *Bailey v. N. Trust Co.*, 196 F.R.D. 513, 515 (N.D. Ill. 2000); *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997); *Dixon v. CSX Transp., Inc.*, 990 F.2d 1440, 1443 (4th Cir. 1993)). Federal Rules of Civil Procedure 20 (joinder) and 21 (motions to sever) jointly govern such situations. *Id.*; *see*

*also*, *Lozada v. City of Chicago*, No. 10 C 1019, 2010 WL 3487952, at *2 (N.D. Ill. Aug. 30, 2010) (stating that "[a]lthough Rule 21 does not set forth a standard for proper joinder, courts have applied the permissive joinder requirements of Rule 20(a)"). Rule 20(a) permits permissive joinder when the joined cases contain both "a right to relief arising out of the same transaction or occurrence, or series of transactions or occurrences" and "a question of law or fact common to all the plaintiffs." *Id.*

To analyze whether joinder is proper, courts employ "a case-by-case approach … because no hard and fast rules have been established" as to when parties or claims should be severed. *Bailey*, 196 F.R.D. at 515. Courts rely on several factors, including the time-period of the allegations, the relatedness of the allegations to one another, whether the allegations are a different type, whether the same persons were involved, the geographical locations of the allegations, and whether a unifying policy is alleged. *See, McDowell*, 645 F. Supp. 2d at 694 (detailing the same factors above in the employment context). Furthermore, courts also consider relevant factors of judicial policy such as "the convenience and fairness to parties…[,] the claim's separability in logic and law…[,] justice[,] and [whether severance would] facilitate the prompt and efficient disposition of the litigation." *Bennett v. Sch. Directors of Dist. 115*, No. 96 C 2422, 1996 WL 495555, at *2 (N.D. Ill. Aug. 28, 1996) (citing *Hebel v. Ebersole*, 543 F.2d 14, 17 (7th Cir. 1976)).

To this end, courts interpret Rule 20 "liberally to achieve its purpose and exercise 'wide discretion' in deciding whether to sever a party.'" *Lozada*, 2010 WL 3487952, *2 (citing *Gorence v. Eagle Food Ctr., Inc.*, No. 93 C 4862, 1996 WL 734955, at *3 (N.D. Ill. Dec. 19, 1996)). Rule 20's purpose is "'to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits.'" *Bailey*, 196 F.R.D. at 515 (citing *Gorence*, 1996 WL 734955, at *3). "Misjoinder occurs when the parties fail to satisfy either of the requirements for permissive joinder under Rule 20." *McDowell*, 645 F. Supp. 2d at 694. At this point, "Rule 21 comes into effect and allows the Court to add or drop a party, or sever any claim against another party." *Id.*

Here, the Parties have agreed to sever *Wilger v. City of Chicago*, 20 cv 0685, pursuant to Federal Rule of Civil Procedure 20(a), into the following individual cases:

1. Plaintiff: Timothy Wilger
   Date: 5/29/20
   Defendant Officer: Ivan Aviles (#19579)

2. Plaintiffs: Alexandra Betzel, Ronald Reed, Sara Engimann, Bennett Hogerty
   Date: 5/30/20
   Location: Trump Tower (Wabash)
   Defendant Officers: Angelo Gallegos (#14570), Michael Wilson (#17643), David Floyd (#13262), Christopher Bielfeldt (#53)[2], Sheamus Mannion (#115)

3. Plaintiffs: Andrew Reichold
   Date: 5/30/20
   Location: Trump Tower (Kinzie)
   Defendant Officers: D.P. Condreva (#7276)

4. Plaintiffs: Michael Fansler and Jennifer Marshall (married)
   Date: 5/30/22
   Location: Trump Tower
   Defendant Officer: Timothy Blake (#9574)

5. Plaintiff: Tamara Fouche, Adriana Underwood
   Date: 5/30/22
   Location: State Street Bridge and Wabash Bridge
   Defendant Officer: William Grossklas (#17311)

6. Plaintiff: Rachel Bartz
   Date: 5/30/20
   Location: State and Kinzie
   Defendant Officer: Marcus Mudd (#14390)

7. Plaintiff: Quinlan Mallow
   Date: 5/30/20
   Location: Downtown
   Defendant Officer: Daniel Morrin (#5605)

8. Plaintiff: Alexandra Bunecky
   Date: 5/30/20
   Location: Wrigley Building
   Defendant Officer: Nicholas Nesis (#13406)

9. Plaintiff: Justin Cosby

---

[2] Incorrectly sued as "Christopher Bielfeldt (#63)."

Date: 5/30/20
Location: Grand Ave (River North)
Defendant Officer: Gabriel Rodriguez (#12737)

10. Plaintiffs: Amika Tendaji, Damon Williams, Jasson Perez, Christopher Brown, Jennifer Pagán, Malcom London
    Date: 5/31/20
    Location: Hyde Park
    Defendant Officers: Aaron McClelland (#9164), Guillermo Gama (#17268), Brandon Patrick (#13433), Sherrick Davis (#12192), Ronald Pendleton (#11166)[3], Victor Jurado (#9392)[4], Lemonica Rider (#9977), Levon London (#18659), Maximo Mora (#7252), Salvador Villanueva (#7461), Kevin Rake (#2015)[5], A.A. Khan (#15274)

11. Plaintiff: Jacob Dagit
    Date: 6/1/20
    Location: Old Town
    Defendant Officers: R.A. Ayala (#19896), Nebojsa Djurdjevic (#9338)

12. Plaintiff: Rachel Valenzuela
    Date: 7/17/20
    Location: Grant Park
    Defendant Officers: David Sharp (#12950), Michael Wilson (#17643)

13. Plaintiff: Miracle Boyd
    Date: 7/17/20
    Location: Grant Park
    Defendant Officers: Nicolas Jovanovich (#6789), Andres Valle (#19935)

14. Plaintiff: David Jaworski, Sara Kroth, Maggie "Mars" Robinson
    Date: 7/17/20
    Location: Grant Park (with bike)
    Defendant Officer: James Trianafillo (#264), Luis Laurenzana (#19637), David Floyd (#13262)

15. Plaintiffs: Michelle Zacarias, Caroline Scott, Adriana Antunez, Jamey Arnold, Charlotte Vail, Megan Angers
    Date 7/17/20
    Location: Grant Park
    Defendant Officers: "OC Defendants" Mark Styczynski (#5442), Kyle Gleeson (#3809), David Stepney (#3141), Mane Maravic (#18441)[6], Dillan Halley (#7341), Arthur Young (#1289), Jesse Chavez (#14182), Kevin Graves (#16260), William Murphy (#19214), William Schield (#946), Charles Rhein (#2164), Alexander Gonzalez (#4877), James Johnson (#2293),

---

[3] Incorrectly sued as "Robert Pendleton."
[4] Incorrectly sued as "Victor Jorado."
[5] Incorrectly sued as "Michael Rake."
[6] Incorrectly sued as "Mane Maravic ("#188441)".

Jose Rojas (#932), Brian Griffith (#8236), Thomas Oshaughnessy (#1247), Andrea Rodriguez (#18618), Jonathan Hernandez (#13181) and Luis Laurenzana (#19637)

16. Plaintiff: Patrick Romano
    Date: 7/17/20
    Location: Grant Park
    Defendant Officers: Charles Flaster (#15498), Leonard Shoshi (#236),

17. Plaintiffs: Delaney Dittman, Archit Baskaran, Bailey Pfeifer, Patrick Romano
    Date: 8/15/20
    Location: Downtown
    Defendant Officers: Sean Loughran (#15), Shane Coleman (#15359), Peter Jonas (#5069), Colin Shiels (#19205), Charles Rhein (#2164), Brayan Jauregui (#4894), Christopher De Canto (#16028), Evan Kilponen (#12854), Patricia Zuber (#351)

18. Plaintiffs: Veronica Rodriguez, Crystal Escamilla, Olivia Love-Hatlestad, Brittany Sowacke, Cody Jones, Margaret Gay, Jacqueline Spreadbury, Korrina Zartler, Kyle Craig, Elizia Artis, Brent Colbert, Jonathan Freund, Marina Bassett, Jeannine Wise, Copeland Smith, Ian "River" Kerstetter, Landon George, Kathleen Roberts, Tim Anderson, Luis Aldair Rafael-Nietes, Natalie "Byul" Yoon, Tori Larsen, Clare Gervasi, Charlie Atchley, Charlotte Vail, Megan Angers
    Dates: 5/30/20, 5/31/20, 6/1/20, 7/17/20, 8/15/20
    Defendant Officers: John Does, Officers in Exhibits

This proposal, reached by all parties, will ensure the individual claims set forth in the Fourth Amended Complaint can proceed in a judicially efficient manner for Plaintiffs and Defendants.

Additionally, this request is being made to ensure efficiency, rather than file a contested motion, complete briefing, await ruling, and then, if granted await Plaintiffs' refiling of claims, potentially resulting in further motion practice if joinder is still a contested issue. If the cases are severed in this jointly proposed manner, then it will limit motion practice on these issues, allow the cases to be coordinated for purposes of discovery at the outset (as such steps have already been put into place for other similar actions (*see Sawyer v. City of Chicago*, 22 cv 02422, Dkt. 10)), and allow the individual cases to proceed.

As a result, all parties have agreed and request that this Court grant severance of the original case, 20 cv 0685, and request that the Executive Committee order that the matters be assigned new numbers, in the groupings as proposed by the parties. Defendants agree to waive any assertion of the

6

statute of limitations based on the refiling of the severed claims (but reserve the right to raise such defense on any other possible grounds). Defendants also agree to accept service by email of the complaints in the severed cases for the City, Superintendent Brown, and the individually named Defendant Officers that have been named as of the Fourth Amended Complaint for the same specific claims asserted against those Defendants as of the Fourth Amended Complaint. Further, the Parties agree to engage in Rule 26(f) conferences in all of the severed cases by no later than 14 days after the new complaints in the severed cases have been filed.

As no additional parties or claims are being added to the proposed severed claims, Plaintiffs further request that filing fees be waived for the newly numbered, separate actions. Defendants join in this request. Plaintiffs reserve the right to move the court to consolidate claims at a later date pursuant to Rule 42. By agreeing to severance pursuant to Rule 20 as reflected in the instant motion, Plaintiffs are not making any concessions or waiving any argument with regard to any future potential motion for consolidation of claims pursuant to Rule 42. Defendants reserve the right to object to any such motion and/or otherwise object to consolidation of any (or all) cases.

## CONCLUSION

WHEREFORE, Pursuant to Rule 20(a), Plaintiffs, Defendant City of Chicago ("City"), Superintendent Brown, and the Individual Defendant Officers ("Defendant Officers"), jointly ask this Court to enter an order at this time severing Plaintiffs' Fourth Amended Complaint into 18 separate actions:

1. *Wilger v. Aviles, Superintendent Brown and City of Chicago*
2. *Betzel, Reed, Enigmann, Hogerty v. Gallegos, Wilson, Floyd, Bielfeldt, Mannion, Superintendent Brown and City of Chicago*
3. *Reichold v. Condreva, Superintendent Brown and City of Chicago*
4. *Fansler and Marshall v. Blake, Superintendent Brown and City of Chicago*
5. *Fouche, Underwood v. Grossklas, Superintendent Brown and City of Chicago*
6. *Bartz v. Mudd, Superintendent Brown and City of Chicago*
7. *Mallow v. Morrin, Superintendent Brown and City of Chicago*
8. *Bunecky v. Nesis, Superintendent Brown and City of Chicago*

7

9. *Cosby v. G. Rodriguez, Superintendent Brown and City of Chicago*
10. *Brown, London, Pagan, Perez, Tendaji and Williams v. Davis, McClelland, Gama, Patrick, Pendleton, Jurado, Rider, London, Mora, Villanueva, Rake, Khan, Superintendent Brown and City of Chicago*
11. *Dagit v. Ayala, Djurdjevic, Superintendent Brown and City of Chicago*
12. *Valenzuela v. Sharp, Wilson, Superintendent Brown and City of Chicago*
13. *Boyd v. Jovanovich, Valle, Superintendent Brown and City of Chicago*
14. *Jaworski, Kroth, Robinson v. Trianafillo, Laurenzana, Floyd, Superintendent Brown and City of Chicago*
15. *Angers, Arnold, Antunez, Scott, Vail, and Zacarias v. Chavez, Stycznski, Gleezon, Stepney, Maravic, Graves, Murphy, Schield, Rhein, Gonzalez, Johnson, Rojas, Griffith, Oshaughnessy, Rodriguez, Hernenadez, Laurenzana, (the "OC Defendants"), Superintendent Brown and City of Chicago*
16. *Romano v. Shoshi, Flaster, Superintendent Brown and City of Chicago*
17. *Baskaran, Dittman, Pfeifer, and Romano v. Coleman, Loughran, Jonas, Shiels, Rhein, Jauregui, De Canto, Kilponen, Zuber, Superintendent Brown and City of Chicago*
18. *Anderson, Angers, Artis, Atchley, Bassett, Colbert, Craig, Escamilla, Freund, Gay, Gervasi, George, Love-Hatlestad, Jones, Kerstetter, Larsen, Rafael-Nietes, Roberts, Rodriguez, Smith, Sowacke, Spreadbury, Vail, Wise, Yoon, and Zartler v. Superintendent Brown, City of Chicago, John Doe Officers, and Officers in Exhibits A-G*

Waive any filing fees for Plaintiffs' refiled cases as a result of severance, and for any other relief this Court deems to be proper.

Dated: September 1, 2022                                   Respectfully Submitted:

/s/ Ben H. Elson
Ben H. Elson,
Joey L. Mogul, Janine Hoft
Jan Susler, Brad Thomson
People's Law Office
1180 N. Milwaukee Ave.
Chicago, IL 60642
773-235-0070

Vanessa del Valle
Roderick and Solange MacArthur
Justice Center
Northwestern Pritzker School of Law
375 East Chicago Avenue
Chicago, IL 60611-3609
312-503-5932

Sheila A. Bedi
Community Justice and Civil Rights Clinic
Northwestern Pritzker School of Law
375 East Chicago Avenue
Chicago, IL 60611-3609
312-503-8576

8

***Attorneys for Plaintiffs***

CELIA MEZA
Corporation Counsel of the
**CITY OF CHICAGO**

/s/ Paul J. Coogan
Special Assistant Corporation Counsel

Allan T. Slagel
aslagel@taftlaw.com
Elizabeth E. Babbitt
ebabbitt@taflaw.com
Paul J. Coogan
pcoogan@taftlaw.com
Andrew S. Murphy
amurphy@taftlaw.com
Special Assistants Corporation Counsel
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2800
Chicago, Illinois 60601
(312) 527-4000

A. Christopher Brown (*pro hac vice*)
cbrown@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
2200 IDS Center
80 South 8th Street
Minneapolis, MN 55402
(612) 977-8400
Special Assistant Corporation Counsel

**Counsel for City of Chicago and Superintendent Brown**


/s/ Whitney N. Hutchinson

Special Assistants Corporation Counsel
Borkan & Scahill, Ltd.
20 South Clark Street, Suite 1700
Chicago, Illinois 60603
(312) 580-1030

**Counsel for Individually Named Defendant Officers**