IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY WILGER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 20-cv-6851 |
| | ) | |
| v. | ) | Honorable Sharon Johnson Coleman |
| | ) | |
| CITY OF CHICAGO, et al., | ) | Magistrate Judge Jeffrey T. Gilbert |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' MOTION FOR LEAVE TO CONDUCT DISCOVERY WHILE
THE PARTIES' JOINT MOTION TO SEVER IS PENDING**

Plaintiffs, by their attorneys, hereby moves this Court for leave to conduct discovery while the Parties' Joint Motion to Sever is pending, and in support thereof state as follows:

1. On September 1, 2022, the parties filed a Joint Motion to Sever. (Dkt. No. 127)

2. Plaintiffs' decision to join in the Defendants' motion to sever, rather than oppose it, was based on their hope and belief that severing the cases in the manner set forth in the joint motion would expedite discovery and the resolution of their claims.

3. On September 7, 2022, this Court entered a minute order asking the parties to file a status report concerning their progress with written discovery despite the Motion to Sever. (Dkt. 129)

4. At that point, the parties had not made any progress with written discovery apart from having completed the limited written discovery directed at identifying the John Doe Defendants, which this Court had permitted Plaintiffs to conduct.

5. In response to this Court's order, the parties met and conferred. Plaintiffs proposed that the parties begin full discovery in each of the proposed severed cases. Specifically,

that the parties exchange Rule 26(a)(1) disclosures for each of the proposed severed cases by October 3, 2022, and that the parties serve written discovery by November 3, 2022 (with the exception of written discovery directed solely to Plaintiffs' *Monell* claims). Plaintiffs explained that there was no reason to delay, for example, a request for production of the defendant officers' personnel files, CRs, or any reports that have not already been produced in relation to the incidents alleged in the complaint. Nor was there reason to delay a request for production for Plaintiff's medical/mental health records and whatever information Defendants intended to seek through written interrogatories. Plaintiffs further explained that in the event that Judge Norgle declined to sever the cases or severed the cases in a different way than what the parties had proposed, it would not be difficult to modify/amend the Rule 26(a)(1) disclosures and written discovery to conform to the Court's ruling. Plaintiffs expressed that given everyone's interest in commencing and making progress with some written discovery now despite any anticipated or pending motions, Plaintiffs did not think it made sense to wait until the Motion to Sever was ruled on. (*See* Dkt. 131)

6. Defendants disagreed with Plaintiffs' proposal and proposed instead that discovery be initiated only as to Plaintiff Wilger's claims. (*See* Dkt. 131)

7. On September 14, 2022, the parties submitted a joint status report to this Court which set forth their respective positions. (Dkt. 131)

8. On October 4, 2022, this Court entered an order deferring any further discovery scheduling until after a ruling on the Joint Motion to Sever and declined to adopt either party's proposal with respect to setting dates for Rule 26(a)(1) disclosures and service of written discovery. (Dkt. 132)

9. On October 6, 2022, the Executive Committee entered an order reassigning the case to Judge Johnson Coleman due to Judge Norgle's retirement. (Dkt. 133)

10. On October 26, 2022, Judge Johnson Coleman held a status hearing. The parties reported on the status of the case including the pending Joint Motion to Sever. Judge Johnson Coleman stated that she would need to review the Joint Motion to Sever as well as the posture of the case, and set a status hearing for November 9, 2022. (Dkt. 136)

11. On November 9, 2022, Judge Johnson Coleman held a status hearing and took the motion under advisement. (Dkt. 138)

12. Nearly eight months have passed since the parties filed their Joint Motion to Sever, and four and a half months have passed since Judge Johnson Coleman took the motion under advisement. During this time the case has sat dormant.

13. There is obviously much discovery that must be completed in order to prepare Plaintiffs' claims for trial no matter how the cases end up being severed. Plaintiffs continue to believe that it is in the interest of all parties and the Court for full discovery to proceed while the Joint Motion to Sever is pending.

WHEREFORE, Plaintiffs respectfully request that this Court grant their motion to conduct discovery, order that the parties exchange Rule 26(a)(1) disclosures for each of the proposed severed cases by April 17, 2023, and that the parties serve written discovery by May 17, 2022 (with the exception of written discovery directed solely to Plaintiffs' *Monell* claims).

Date: March 23, 2023                                             Respectfully submitted,


/s/ Ben H. Elson
Ben H. Elson
Joey L. Mogul, Janine Hoft
Jan Susler, Brad Thomson
People's Law Office
1180 N. Milwaukee Ave.
Chicago, IL 60642
773-235-0070

Vanessa del Valle
Roderick and Solange MacArthur
Justice Center
Northwestern Pritzker School of Law
375 East Chicago Avenue
Chicago, IL 60611-3609
312-503-5932

Sheila A. Bedi
Community Justice and Civil Rights Clinic
Northwestern Pritzker School of Law
375 East Chicago Avenue
Chicago, IL 60611-3609
312-503-8576

*Attorneys for Plaintiffs*